UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BAKER, et.al.,<br><br>    Defendants. | Case No.: 1:18-cv-01511-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONGS REGARDING DEFENDANTS' EXHAUSTION MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 16] |

Plaintiff Ricky Tyrone Foster is a state prisoner pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' exhaustion motion for summary judgment, filed February 12, 2020.

**I.**

**PROCEDURAL BACKGROUND**

On October 30, 2018, Defendant Baker and Navarro removed this action from the Kern County Superior Court.

On January 13, 2020, the undersigned screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim for retaliation and failure to intervene while Plaintiff was assaulted by another inmate against Defendants C. Baker, J. Navarro, John Doe 1 and John Doe 2.

1

As previously stated, on February 12, 2020, Defendants filed the instant motion for summary judgment. (ECF No.. 16.) Plaintiff filed an opposition on March 4, 2020, and Defendants filed a reply on March 10, 2020. (ECF Nos. 27, 28, 29.) On March 24, 2020, Plaintiff filed a second opposition and a surreply.[1]  (ECF Nos. 30, 31.)

## II.

## LEGAL STANDARD

### A.   Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary

---

[1] No further briefing on Defendants' motion for summary judgment is permitted absent leave of court. The Court did not grant Plaintiff leave to file a surreply, and the Court does not desire any further briefing on the motion. Accordingly, Plaintiff's surreply and second opposition were not properly filed and need not be considered.

2

judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B.      Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A.      Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and

Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

**B.     Summary of Allegations Underlying Plaintiff's Claims**

On October 23, 2016, Plaintiff was informed by prison officials that another prisoner was serving time for being a child molester.

Plaintiff filed a complaint to the prison law office on November 21, 2016, which resulted in an investigation and video recording of Plaintiff.

On March 23, 2017, Plaintiff filed an inmate appeal against captain Gamboa and officer Longoria for retaliation for filing prior inmate grievances.

On April 14, 2017, Plaintiff's appeal was partially granted and Plaintiff was cleared of any gang affiliation.

Plaintiff filed a third complaint with the prison law office for a murder cover-up.

In late 2017, two Black gang members who were known to be enemies were housed together which resulted in one being killed. The incident was reported to the local news stations which caused

the victim's family to be contacted by members of the gang. Plaintiff filed several inmate appeals against Warden D. Davey for misconduct.

On August 6, 2017, Plaintiff was attacked by inmate Abella while Plaintiff was secured and strapped to an ambulance hospital gurney and was attacked by another inmate. Defendants C. Baker, J. Navarro and John Does 1 and 2, permitted inmate Abella to be left unhandcuffed and to attack Plaintiff in retaliation for filing prior complaints.

**C.    Statement of Undisputed Facts**

1. The California Department of Corrections and Rehabilitation (CDCR) uses a program called the Inmate Appeals Tracking System (IATS) to electronically log and track non-medical appeals through all levels of review. (Pollard Decl. ¶ 4; Ceballos Decl. ¶ 4; Vasquez Decl. ¶ 3.)

2. At all relevant times, CDCR, Calipatria State Prison (CAL) and California State Prison, Corcoran (CSP-COR) had an administrative process available for inmates to submit appeals. (Pollard Decl. ¶ 4; Ceballos Decl. ¶ 4; Vasquez Decl. ¶ 3.)

3. The CAL and CSP-COR Appeals Office receive, review, and track all non-medical inmate appeals submitted for first and second-level review concerning events there. Accepted first and second-level appeals are assigned a log number in the institutions' IATS system (IATS I & II). (Pollard Decl. ¶¶ 2-5; Ceballos Decl. ¶¶ 2-5.)

4. CDCR's Office of Appeals (OOA) receives, reviews, and maintains inmates' non-medical appeals accepted at the third and final level of administrative review. When OOA receives an appeal, it is assigned a third level tracking number and entered into OOA's computer tracking system (IATS III). (Vasquez Decl. ¶¶ 2-3.)

5. The events that are the subject of this lawsuit occurred at CSP-COR on August 6, 2017. (Am. Compl., ECF NO. 9 at 8.)

6. On September 5, 2017, Plaintiff transferred out of CSP-COR, and he arrived at CAL on September 6, 2017. (Mathison Decl. ¶ 2, Ex. A.)

7. Plaintiff's administrative appeal of the lawsuit events, institutional log no. CAL-17-01322, was received by the CAL Appeal Office on September 11, 2017. The appeal was forwarded to

the CSP-COR Appeals Office for review, with notice to Plaintiff of that action.  (Pollard Decl. ¶ 7, Ex. B.)

8.  The appeal was received by the CSP-COR Appeals Office on September 15, 2017, and assigned log no. CSPC-8-17-04927.  In the appeal Plaintiff alleged that on August 6, 2017, as two unknown correctional officers stood by, he was subjected to excessive force when another inmate attempted to assault him. The appeal does not identify the names of any prison staff involved in the incident.  The appeal was bypassed for the first level review.  In a second level decision dated October 20, 2017, the appeal was partially granted, in that an appeal inquiry (investigation) was conducted and it was determined that prison staff did not violate CDCR policy with respect to the issues appealed.  In an amended second level decision dated March 17, 2018, the same decision was reached, adding a note that on November 3, 2017, the investigation report was completed, and determined policy was not violated and no further action was necessary.  (Ceballos Decl. ¶ 7, Ex. B.)

9.  The appeal was received by the OOA for third level review on April 20, 2018, and assigned a Third Level Review No. 1805816.  On July 17, 2018, the appeal was cancelled at the third level for exceeding time constraints, because the appeal was initially submitted at the institutional level more than thirty days after the appealed events occurred.  The cancellation notice informed Plaintiff that once an appeal had been cancelled it may not be resubmitted, but that a separate appeal could be filed on the cancellation decision.  (Vasquez Decl. ¶ 6.)

10.  Plaintiff did not submit an appeal of the cancellation decision.  (Vasquez Decl. ¶ 6.)

11.  From the time of the subject events on August 6, 2017, until Plaintiff filed this lawsuit on August 27, 2018, he submitted no other appeals that concerned the lawsuit events.  (Pollard Decl. ¶ 8; Ceballos Decl. ¶ 8; Vasquez Decl. ¶ 7.)

**D.  Analysis of Defendants' Motion**

Defendants argue that Plaintiff's administrative appeal relating to the events at issue herein was cancelled at the third level of review for exceeding the time limits, and Plaintiff did not appeal the cancellation.  In addition, the relevant appeal did not name or identify the Defendants in order to properly put the prison on notice of the issues.

In opposition, Plaintiff argues that he filed the grievance on September 5, 2017, after being retaliated against and subjected to excessive force. Plaintiff further submits that he was not given any timely reports of the named correctional officers which is why he was not able to attach any of the incident reports to his grievance.

Viewed in the light most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor for purposes of this motion, Defendants have not met their burden of proof in demonstrating that Plaintiff failed to exhaust the "available" administrative remedies.

As an initial matter, there is no dispute that CAL and CSP-COR had an administrative process available to Plaintiff and that Plaintiff availed himself of the process.

The parties agree that Plaintiff submitted Appeal Log No. CSPC-8-17-04927 concerning the events at issue in this action. It is undisputed that the events at issue in this action took place on August 6, 2017, which triggered the applicable 30-day deadline. Defendants submit the declaration of D. Pollard, Appeals Coordinator at CAL, who declares that Plaintiff's appeal (Appeal Log No. CAL-O-17-01322) on September 11, 2017, and the appeal was forwarded to CSP-COR Appeals Office for review. (Pollard Decl. ¶ 7.) J. Ceballos, Appeals Coordinator at CSP-COR, declares that the appeal was received at CSP-COR on September 15, 2017. (Ceballos Decl. ¶ 7.) The appeal was bypassed for the first level of review. (Id.) It was then denied at the second level review on October 20, 2017. (Id.) An amended second level decision was issued on March 17, 2018, the same decision was reached, with a notation that on November 3, 2017, the investigations was completed and it was determined that policy was not violated. (Id.) Plaintiff then submitted the appeal to the third and final level of review. On July 17, 2018, the appeal was denied at the third level of review as untimely finding that the appeal was not received until September 11, 2017. (Vasquez Decl. ¶ 6, Ex. B.) Defendants argue that Plaintiff has not exhausted the administrative remedies because the appeal was denied at the third level of review as untimely.

Defendants do not dispute (and it is therefore undisputed) that Log No. CSPC-8-17-04927 is self-dated September 5, 2017. It is further undisputed that the appeal was stamped received by the CAL Appeals Office on September 11, 2017, at the second level of review, which Defendants contend was untimely under the 30-day deadline. However, Defendants reliance on section 3084.8 does not

7

support their argument. Section 3084.8(b), states "an inmate or parolee must submit the appeal within 30 calendar days of (1) [t]he occurrence of the evidence or decision being appealed…[¶]." Thus, the plain language of the regulation states that Plaintiff need only *submit* the grievance within thirty calendar days of the incident being appealed. The regulation does not contain language that supports Defendants' contention that the Appeals Office must actually *receive* the grievance by such date. Defendants provide no evidence to determine the date in which Plaintiff submitted his appeal to the second level of review, and the date of the appeal (i.e., September 5, 2017) is within the 30-day time frame. Therefore, the rejection of Appeal Log No. CSPC-8-17-04927 as untimely was improper. See McBride v. Lopez, 807 F.3d 982, 986 (9th Cir. 2015) (the third level decision rejecting Plaintiff's appeal as untimely was improper. A prison's improper screening of a grievance can render the administrative remedy process unavailable) (quoting Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).

  Defendants further argue that Plaintiff was required to appeal the third level cancellation of his appeal and his failure to do so waived any claim that the cancellation was improper. However, Defendants have failed to demonstrate that Plaintiff was required to appeal the cancellation in order to exhaust the administrative remedies. Section 3084.6(e), cited in the third level cancellation, states that "the application of the rules provided in subsection 3084.6(c) to the cancelled appeal may be separately appealed.." Cal. Code Regs. tit. 15, § 3084.6(e). This language is permissive, not mandatory, and Defendants provide no other authority that the third level cancellation must be appealed in order to satisfy the exhaustion requirement.

  Lastly, with regard to Defendants' argument that Plaintiff failed to name the individuals in the grievance, the Court finds it to be without merit. First, Plaintiff submitted Appeal Log No. CSPC-8-17-04927 to all "available" levels, and the appeal was not rejected for failure to name any of the prison officials. Because the appeal was improperly rejected as untimely, the Court declines to find that Plaintiff failed to exhaust based on a procedural defect that was not imposed. Second, in the initial appeal, Plaintiff specifically stated that he could not identify any of the staff members in the immediate area and identified the individuals as unknown correctional officers who were standing by the gurney and permitted the inmate to jump up and charge Plaintiff. (Vasquez Decl., Ex. B; Pl.'s

Opp'n, I1.)  The regulations require only that Plaintiff provide as much information as available to him.  See Cal. Code Regs. tit. 15, § 3084.2(a)(3) ("If the inmate or parolee does not have the requested identifying information about the staff member(s) [name, title or position], he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.")

Based on the evidence in record, Defendants have filed to meet their burden to show that Plaintiff did not exhaust the available administrative remedies, and Defendants' motion for summary judgment should be denied.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' exhaustion-related motion for summary judgment be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 16, 2020**

UNITED STATES MAGISTRATE JUDGE

9