UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER, | No. 1:18-cv-01511-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION FOR SUMMARY JUDGMENT |
| C. BAKER, et al., | |
| Defendant. | (Doc. Nos. 16, 37) |

Plaintiff Ricky Tyrone Foster is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2020, defendants filed a motion for summary judgment on the grounds that plaintiff had failed to exhaust his available administrative remedies prior to filing suit, due to his failure to challenge the cancellation of his inmate appeal at the third level of review. (Doc. No. 16.) After requesting and receiving an extension of time to do so, plaintiff filed his opposition to that motion on March 4, 2020. (Doc. Nos. 27, 28.) On March 10, 2020, defendants filed their reply thereto. (Doc. No. 29.) On March 24, 2020, plaintiff filed a second opposition to the motion and an unauthorized surreply which the court has considered. (Doc. Nos. 30, 31.)

/////

1

On April 16, 2020, the assigned magistrate issued findings and recommendations recommending that defendants' motion for summary judgment be denied because defendants had not met their burden of establishing that plaintiff had failed to exhaust his administrative remedies prior to filing suit because the prison officials' improper cancellation[1] of plaintiff's inmate grievance had caused administrative remedies to become effectively unavailable to plaintiff. (Doc. No. 33.) The findings and recommendations described that plaintiff had received a cancellation notice informing him that although he could not resubmit his inmate appeal after its cancellation, he was permitted to file a separate appeal of the cancellation decision itself, which plaintiff did not elect to pursue. (*Id.* at 6.) Those findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days after service. (*Id.* at 9.)

On May 15, 2020, defendants filed objections to those findings and recommendation, arguing that the Ninth Circuit has held that a plaintiff fails to exhaust available administrative remedies by failing to appeal from the cancellation of an inmate appeal, even if that cancellation was improperly issued. (Doc. No. 34) (citing *Cortinas v. Portillo*, 754 Fed. App'x. 525, 527 (9th Cir. 2018)). Plaintiff filed a response to defendants' objections on June 3, 2020 and an addendum to his objections on July 16, 2020. (Doc. Nos. 35, 36.)

On September 23, 2020, the assigned magistrate judge withdrew the April 16, 2020 findings and recommendations, and issued new findings and recommendations recommending that defendants' motion for summary judgment be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Doc. No. 37.) Those findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days after service. (*Id.* at 9.) On October 8, 2020, plaintiff filed his objections. (Doc. No. 38.)

---

[1] The findings and recommendations explained that there was no dispute of material fact that the California State Prison, Corcoran Appeals Office improperly cancelled plaintiff's inmate appeal at the third level of review as untimely because the office had not *received* plaintiff's initial inmate grievance within thirty days after the appealed events allegedly occurred even though plaintiff had timely *submitted* his initial grievance within thirty calendar days of the alleged incident, in accordance with the governing regulations. (*Id*. at 7–8.)

1   In his objections, plaintiff argues that the pending findings and recommendations made
2   several factual errors and he has attempted to outline the relevant timeline of events from his
3   perspective. (Doc. No. 38 at 2–4.) Specifically, plaintiff contends that the Appeals Office never
4   actually completed its second level review of his inmate appeal; however, plaintiff confusingly
5   also asserts that the second level review was completed in an untimely fashion. (*Id*. at 3.)
6   Plaintiff further argues that he originally filed this claim in state court, where defendants did not
7   present arguments regarding his alleged failure to exhaust (*id*. at 11), and also that the state court
8   had found he had properly exhausted his remedies (*id*. at 7).

9   The court struggles to follow plaintiff's assertions or how they rebut the finding that he
10  failed to exhaust his available administrative remedies prior to filing suit as required. Plaintiff
11  has attached to his objections an order wherein the state court did state in cursory fashion that
12  plaintiff had administratively exhausted the inmate appeal at issue in this case. (*Id.* at 45.) That
13  state court order issued in the context of the dismissal of plaintiff's writ of mandate as moot
14  because the state court concluded prison officials had responded to his administrative appeal at all
15  three levels of review. (*Id.*) However, it is unclear what analysis was done by and whether the
16  cancellation appeal was considered by the state court in making the statement in question. Most
17  importantly, neither that state court order nor plaintiff's objections rebut the Ninth Circuit
18  authority which appears to control the resolution of the issue presented here. *Cortinas*, 754 Fed.
19  App'x. at 527 (Because under California Code of Regulations, Title 15 § 3084.6(a)(3) and (e) an
20  inmate can appeal a cancellation decision separately pursuant to the rules in § 3084.6(c), and if
21  inmate prevails, cancelled inmate appeal can be considered at the discretion of the appeals
22  coordinator, "Cortinas could have appealed his cancellation decision, this case is distinguishable
23  from *Sapp*, and the improper cancellation of his appeal did not render administrative remedies
24  effectively unavailable to him.") (citing *Wilson v. Zubiate*, 718 F. App'x 479, 482 (9th Cir.
25  2017)); *see also Felde v. Wilkins,* No. 1:19-cv-00339-NONE-HBK, 2021 WL 1241075, at *4
26  (E.D. Cal. Mar. 26, 2021); *Belton v. Houston*, No. ED CV 19-01179-PA (DFM), 2021 WL
27  785146, at *5 (N.D. Cal. Jan. 8, 2021), *report and recommendations adopted by* 2021 WL
28  784961 (N.D. Cal. Feb. 26, 2021)  Therefore, the court is not persuaded to depart from the

1 | analysis set forth in the pending findings and recommendations.

2 |     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

    Accordingly,

1. The findings and recommendations issued on September 23, 2020 (Doc. No. 37) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 16) is granted;
3. This action is dismissed without prejudice due to plaintiff's failure to exhaust all his available administrative remedies; and
4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **July 19, 2021**  
                                                      UNITED STATES DISTRICT JUDGE